■ KANSAS CITY FIRE AND MARINE INSURANCE COMPANY, Respondent, v. HARTFORD INSURANCE GROUP, Appellant, et al., Defendants.— Order unani-mously reversed, without costs, and defendant's motion granted in accordance with the following memorandum: On June 24, 1970 a collision between a bus and an automobile occurred on the Hamburg Turnpike in Lackawanna, New York. The bus was owned by Chautauqua Transit, Inc., whose insurance carrier, the respondent Kansas City Fire and Marine Insurance Company, commenced a declaratory judgment action against appellant the Hartford Insurance Group. In that action Kansas City alleged that at the time of the collision the bus was on lease to Hartford's insured, Blue Bird Coach Lines, Inc. and that, accordingly, Kansas City was relieved by the terms of its policy from the obligation for coverage and defense. Hartford contends that Kansas City remains obliged to cover and defend because of its failure to disclaim or reserve its rights. On February 2, 1971 Hartford served upon Kansas City a notice of discovery and inspection seeking: "any and all letters, memo-randa or other documents requesting coverage and/or the furnishing of a defense to said persons for the accident of June 24, 1970; and any and all letters, memoranda or other documents either agreeing to cover and/or furnish a defense to said persons, refusing to do so or discussing some other course of conduct in response to a request for coverage and/or a defense." Kansas City moved timely for a protective order but the motion was adjourned and never heard. On February 25, 1973 prior to the filing of a statement of readiness, Hartford moved for the same discovery it had sought in its 1971 notice. Kansas City opposed the discovery motion on the ground of laches and on the further ground that correspondence between its attorney and Chautauqua and/or its driver was both privileged and attorney's work product and therefore protected from discovery. Correspondence between Kansas City and its insured was argued to be protected as "material prepared for litigation". Special Term granted the protective order upon the basis of Hartford's laches. We cannot agree. The doctrine of laches did not apply because there was no evidence of prejudice to Kansas City resulting from the delay (cf. *Weiss* v. *Mayflower Doughnut Corp.,* 1 N Y 2d 310, 318). With respect to the general discoverabil-

ity of the materials sought we agree that Kansas City's correspondence with its attorneys is absolutely privileged and not discoverable (CPLR 3101, subd. [b]; see, generally, Richardson, Evidence [9th ed.], §§ 425–439). As to the other materials sought, however, we feel that they should be inspected to the extent necessary to determine whether Kansas City had adequately disclaimed or reserved its rights to disclaim coverage and/or an obligation to defend. Insofar as the correspondence relates solely to that issue it cannot reasonably be characterized as "attorney's work product", "material prepared for litigation" or an attorney-client communication. Until the issue of the obligation to defend is finally resolved the necessary attorney-client relationship does not exist (see 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4503.04, n. 42). There being no attorney-client relationship there can be no privilege (see Richardson, Evidence [9th ed.], § 428). Nevertheless, we recognize that the requested correspondence may well contain other material germane to the underlying accident litigation. For that reason Kansas City should present all letters, correspondence, memoranda and other documents that it intends to rely upon as constituting a disclaimer of coverage or reservation of rights to Special Term under whose supervision they may be redacted so that if there is other privileged material contained therein it may be protected (CPLR 3103, subd. [a]). (Appeal from order of Erie Special Term in declaratory judgment action.) Present — Del Vecchio, J. P., Witmer, Moule, Cardamone and Henry, JJ.